

# EXHIBIT A

21953756.1:05000-1967

Electronically Filed
10/30/2020 5:29 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
**BIGHORN LAW**
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada   89119
Telephone: (702) 333-1111
Jacob@bighornlaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-823993-C
Department 22

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BENJAMIN NORRIS, an individual<br><br>                              Plaintiff,<br><br>v.<br><br>HOLLY    WOLVERTON,    an    individual;<br>REIDHEAD FOREST MANAGEMENT, LLC,<br>a foreign limited liability company, DOE<br>DRIVER I-V; DOE EMPLOYEES I-V; DOE<br>OWNERS I-V; and ROE CORPORATIONS I-<br>V, inclusive,<br><br>                              Defendants. | CASE NO.:<br>DEPT. NO.: |

## **COMPLAINT**

COMES NOW, Plaintiff, BENJAMIN NORRIS by and through his attorney, JACOB G.

LEAVITT, ESQ. of BIGHORN LAW, and for his causes of action against the Defendants, and each and

all of them, complain and allege as follows:

1.      At all times mentioned herein, Plaintiff BENJAMIN NORRIS (hereinafter "PLAINTIFF

NORRIS") was and is a resident of Colorado.

2.      Upon information and belief and at all times mentioned herein, DEFENDANTS HOLLY

WOLVERTON (hereinafter referred to as "DEFENDANT WOLVERTON") and/or DOE

DRIVERS and/or DOE OWNERS, were and are residents outside of the County of Clark, State of Nevada.

3.      Upon information and belief, at all times relevant to this action, the DEFENDANT WOLVERTON and/or DEFENDANTS DOE DRIVERS I-V, were and are residents outside of Clark County, Nevada, and were driving the said Semi-Truck owned by REIDHEAD FOREST MANAGEMENT, LLC; and/or DOE OWNERS I-V and/or ROE EMPLOYERS I-V and/or ROE CORPORATIONS I-V, at the time of the traffic collision as more fully described hereinbelow.

4.      Upon information and belief, at all times relevant to this action, DEFENDANT REIDHEAD FOREST MANAGEMENT, LLC (hereinafter referred to as "Defendant REIDHEAD") and/or the DEFENDANT OWNERS I-V, and/or DEFENDANT ROE CORPORATIONS I-V, were and are conducting business inside of Clark County, Nevada.

5.      At all times relevant to this action, DEFENDANT REIDHEAD and/or DEFENDANTS DOE OWNERS and/or ROE CORPORATIONS were employing the other DEFENDANTS, and each, some or all of them, and he/she/it was/were acting in the course and scope of said employment at all times relevant to the automobile collision described hereinbelow.

6.      The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, including DEFENDANTS DOE OWNERS I through V, and/or ROE CORPORATIONS I through V, are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF is informed and believes and thereupon alleges that each of the said DEFENDANTS designated herein as DOE and ROE were/are responsible in some manner for the events and happenings referred to herein and directly and proximately caused damages to the PLAINTIFF as herein alleged, and that PLAINTIFF will seek leave of this Court to amend this Complaint to insert the true names and capacities of DOE and

ROE Defendants when the same have been ascertained, and to join such DEFENDANTS in this action.

**FIRST CAUSE OF ACTION**
**(For Negligence)**

7.     PLAINTIFF incorporates by this reference all of the allegations of the preceding paragraphs, hereinabove, as though completely set forth herein.

8.     That on or about November 30, 2018, at the intersection of U.S. 95 North, and Rainbow Boulevard on ramp, in Clark County, Nevada, PLAINTIFF NORRIS was a restrained driver of a Jeep, when the Semi-Truck, operated by DEFENDANT WOLVERTON, failed to turn wide enough and impacted the passenger side of PLAINTIFF's vehicle, the semi-truck operated by Defendant WOLVERTON, based upon information and belief is owned by DEFENDANT REIDHEAD and/or DEFENDANT DOE OWNER, and/or with other DEFENDANTS herein, and directly and proximately causing injuries and damages to the PLAINTIFF as set forth herein.

9.     DEFENDANT REIDHEAD, including DEFENDANTS DOE OWNERS, and/or ROE CORPORATIONS had a duty to all members of general public, including the PLAINTIFF herein, to hire competent and safe drivers for their vehicle(s) and to provide those drivers with reasonable and safe guidelines and training for the operation of their said vehicle(s).

10.     Nevertheless, DEFENDANTS, including DEFENDANT WOLVERTON and/or DOE DRIVERS I-V, negligently, recklessly, and carelessly operated her vehicle which resulted in a collision, and  injuries and damages to the PLAINTIFF herein.

11.     Nevertheless, DEFENDANTS, including DEFENDANT REIDHEAD, DEFENDANTS DOE OWNERS and/or ROE CORPORATIONS, hired negligent, reckless, and careless drivers, including DEFENDANT WOLVERTON, and/or DEFENDANT DOE DRIVERS I-V, and failed to provide reasonable or safe guidelines and/or training for the operation of his/their/its vehicle.

12.     At the time of the collision herein complained of, and immediately prior thereto, DEFENDANTS, and each or all of them, in breaching duties owed to the PLAINTIFFS herein, was/were negligent and careless, inter alia, in the following particulars:

      A.  In failing to keep DEFENDANTS' vehicle under proper control;

      B.   In operating DEFENDANTS' vehicle without due caution for the rights of the PLAINTIFF herein;

      C.  In failing to keep a proper lookout;

      D.  In failing to use due care in the operation of DEFENDANTS' vehicle;

      E.  Negligent training and supervision;

      F.  Failing to maintain a safe distance;

      F.  Vicarious liability through the operation of NRS 41.440;

      G.  *Respondeat superior*;

      H.  DEFENDANTS, and each of them, violated certain state and local statutes, rules, including rules of the road, regulations, codes and ordinances, and PLAINTIFF will pray leave of Court to insert the exact citations at the time of trial.

14.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFF NORRIS suffered physical injury and was otherwise injured in and about his neck, mid back, low back, left shoulder, organs and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to his damage in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

15.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFF  NORRIS has been caused

to expend monies for medical and miscellaneous expenses for his medical and follow up health care, and may in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully ascertained.

16.    Prior to the injuries complained of herein, PLAINTIFF NORRIS was capable of being normally active, and capable of engaging in all other activities for which he was otherwise suited. By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, PLAINTIFF NORRIS was caused to be disabled and limited and restricted in his activities, which caused PLAINITFF's loss of wages and/or economic opportunity in an as yet unascertainable amount, the allegations of which PLAINTIFF prays leave of Court to insert herein when the same has be fully determined.

17.    PLAINTIFF has been required to retain attorneys to prosecute this action, and is therefore entitled to recover his attorneys' fees, case costs and prejudgment interest.

### **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF BENJAMIN NORRID expressly reserve the right herein to include all items of damage, and prays for judgment against each and all of the DEFENDANTS herein, jointly and severally, as follows:

1. General damages for PLAINTIFF in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Special damages for PLAINTIFF's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto, in a presently unascertainable amount but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00);

3.  Special damages for lost wages and/or diminution of the earning capacity of PLAINTIFF, plus possible future loss of earnings and/or diminution of PLAINTIFF's earning capacity, in a presently unascertainable amount but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00);

4. Costs of this suit, attorneys' fees, and prejudgment interest; and

5. Any other relief as to the Court may seem just and proper in the premises.

DATED this 30th day of October, 2020.

**BIGHORN LAW**

By: /s/ Jacob G. Leavitt
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
2225 E. Flamingo Road, Bldg. 2 Suite 300
Las Vegas, Nevada   89119
*Attorneys for Plaintiff*